Petrocon, Inc., Appellant, *v.* Kosydar, Tax Commr., Appellee.

(No. 73-946—Decided June 19, 1974.)

Mr. *John N. Teeple*, for appellant.
Mr. *William J. Brown*, attorney general, and *Mrs. Maryann B. Gall*, for appellee.

*Per Curiam.* Appellant is engaged in the production and management of oil and gas wells. A claim for a refund of the severance tax paid by appellant on its production of oil and gas was denied by the Tax Commissioner. The Board of Tax Appeals affirmed.

Appellant contends that the severance tax imposed by R. C. 5749.02 is in conflict with Section 10, Article XII of the Ohio Constitution, because the tax is imposed on the amount rather than the reasonable value of the product severed. Appellant contends further that the tax is excessive in its application to oil and gas as compared to other natural resources, and that it amounts to double taxation,

which is prohibited by Section 2, Article XII of the Ohio Constitution.

Section 10, Article XII of the Ohio Constitution permits the state to levy a severance tax on the production of coal, oil, gas and other minerals. The burden of showing that R. C. 5749.02 is in conflict with the constitutional provision rests upon the appellant to: "* * * present clear and convincing evidence of a presently existing state of facts which makes the Act unconstitutional and void * * *." Paragraph six of the syllabus in *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329.

In this case, the record contains no evidence that the classifications and tax of natural resources, imposed by R. C. 5749.02 are unreasonable; therefore, appellant has failed to demonstrate that R. C. 5749.02 is in conflict with Section 10 of Article XII. Nor has appellant demonstrated that the tax on the severance of natural resources presents a double taxation situation.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the judgment only.