ARMOUR & COMPANY, APPELLANT, *v.* KOSYDAR, TAX COMMR.,
APPELLEE.

[Cite as Armour & Co. v. Kosydar (1976),
46 Ohio St. 2d 450.]

(No. 75-601—Decided June 23, 1976.)

*Messrs. Glander, Brant, Ledman & Newman, Mr. C. Emory Glander* and *Mr. James H. Ledman*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. John C. Duffy, Jr.*, for appellee.

*Per Curiam.* The franchise tax provided by R. C. 5733.-01 through 5733.27 is computed by applying a "property" fraction to one-half of the share value of the company, and a "business done" fraction to the remaining one-half of the share value of the company. The share value of a company, under R. C. 5733.05, consists of the total book value of that company's capital, surplus, undivided profits, and reserves, with certain specified exceptions.

The Tax Commissioner is directed by R. C. 5733.05 to compute the property factor, to be applied against one-half of this total share value, by fashioning a fraction whose numerator is the net book value of all of the corporation's property owned or used by it in this state, and whose denominator is the net book value of all its property wherever situated. There is no dispute between the taxpayer and the Tax Commissioner herein with regard to that part of the numerator represented by the tangible personal and real property of the taxpayer within this state. The dispute concerns the intangible property of the taxpayer, consisting of shares of stock of Armour's subsidiary corporations.

The Revised Code provides several tests by which property is to be included within, or excluded from, the computation of the numerator. R. C. 5733.05 specifies that "all of the corporation's property owned or used by it in this state" shall be included in the numerator. This would include intangible property only if owned or used in this state.

Later, the same statute directs:

"In determining the value of intangible property, in-

cluding capital investments, owned or used in this state by either a domestic or foreign corporation, the commissioner shall be guided by Sections 5709.02 and 5709.03 of the Revised Code, *except* that investments in the capital stock of or loans and advances to subsidiary corporations at least fifty-one per cent of whose common stock is owned by the reporting corporation *shall be allocated in and out of state in accordance with the value of physical property in and out of the state * * *."* (Emphasis added.)

We find that where intangible property owned by a reporting corporation, representing investment in the controlling ownership of a subsidiary company, falls clearly within the exception described in the foregoing statutory language, that investment shall be allocated as there specified, without regard to the guidelines of R. C. 5709.02 and 5709.03, and without regard to the situs for tax purposes of the certificate representing that security.

The record discloses that three of the four subsidiaries here involved were spun-off from Armour, and are majority-owned by it. Prior to such a spin-off, the "in or out of the state" method of allocating the value of the physical property which is now owned by the subsidiary would apply. The change in manner in which those investments are held cannot be permitted to operate as a ploy effective to reduce that portion of the fraction applicable to the net book value of the company's assets owned or used in Ohio for franchise tax purposes. Under R. C. 5733.05, as applied to this case, substantially the same basis for allocating value of investment for franchise tax purposes applies before and after.

Armour challenges the constitutionality of allocating the value of its stock in majority-owned subsidiary corporations in the numerator of the "property" fraction. Since this is required by the plain language of R. C. 5733.05, it is clear that that statute is being challenged as unconstitutional on its face.

Armour contends that R. C. 5733.05 denies it due process and equal protection of the law, in violation of the

United States and Ohio Constitutions. The Tax Commis-
sioner's position is that since a franchise tax, not a property
tax, is involved in the case at bar, and since an allocation to
Ohio, pursuant to R. C. 5733.05, of a percentage of the value
of the majority-owned corporations helps to determine a
reasonable approximation of the value of the parent's
franchise in Ohio, the due process clause is not violated.
In support of its proposition, Armour cites property tax
cases which we deem irrelevant to the constitutional issue
in the case at bar, for the tax involved is not a tax on in-
tangibles, but upon the reasonable approximation of the
value of Armour's corporate franchise in Ohio. It is a
well-settled constitutional principle that franchise taxes
"need not be based solely on the amount of * * * property
owned within the state * * * so long as it bears some real
and reasonable relation to the privilege granted or to the
protection of the interests of the state." *New York* v.
*Latrobe* (1929), 279 U. S. 421, 427. Since 1919, this court
has itself recognized the qualitative difference between
property and franchise taxes. See *State, ex rel. Zielonka,*
v. *Carrel* (1919), 99 Ohio St. 220, 226. The shares of ma-
jority-owned subsidiary stock held by Armour need not have
acquired a "commercial domicile" or situs in Ohio, in order
for R. C. 5733.05 to be applicable in determining the value
of Armour's franchise in Ohio.

The allocation of the interest of the taxpayer in the
value of the subsidiaries is based upon a true distinction,
is not patently arbitrary, and is reasonably related to a
legislative interest. The equal protection clause is therefore
not violated.

The method of allocation contained in the statute in
question is validated by the following broad language in
*International Harvester Co.* v. *Evatt* (1947), 329 U. S. 416,
422:

"Plainly Ohio sought to tax only what she was entitled
to tax, and there is nothing about application of the form-
ula in this case that indicates a potentially unfair result
under any circumstances * * *. Furthermore, this court has

long realized the practical impossibility of a state's achieving a perfect apportionment of expansive, complex business activities such as those of appellant, and has declared that 'rough approximation rather than precision' is sufficient.''

In this case, Armour has not met the burden, imposed by *Petrocon* v. *Kosydar* (1974), 38 Ohio St. 2d 264, of proving that the classification at issue is an invidious discrimination, or that the legislature's judgment does not bear a reasonable relationship to the substantial governmental interest of determining the value of corporate franchises for this tax purpose. We therefore conclude that the order of the Board of Tax Appeals is not unreasonable or unlawful, and that the statute upon which the allocation rests does not violate the state or federal Constitutions, and the decision is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.