GOUDREAU ET AL., APPELLANTS, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

(No. 49882—Decided December 23, 1985.)

*DuLaurence & DuLaurence, Henry DuLaurence* and *Branka A. Snajdar-Mismas,* for appellants.

*John D. Maddox,* law director, and *James P. Mancino,* for appellees.

MARKUS, P.J. The plaintiff property owners seek (a) a declaration that the defendant city's ordinance for occupancy certificate fees is unconstitutional, and (b) an injunction against its enforcement by the defendant city officials. The trial court granted the defendants' motion for summary judgment, and the property owners appeal. We reject the property owners' claim that some factual issue precluded an adverse judgment and affirm the trial court's decision.

I

In their complaint, the three plaintiffs assert that they are taxpayers and that each owns and operates a multiple-family dwelling in the defendant city. Cleveland Codified. Ordinances Section

365.01 requires the owners and operators of multi-family housing units to obtain occupancy permits before renting them for residential purposes. Cleveland Codified Ordinances Section 365.05 prescribes fees which applicants must pay to obtain such certificates: $15 per suite each year, subject to a yearly maximum fee of $600 for any one structure.

Without stating the number of units in the plaintiffs' properties, the complaint asserts:

"[T]he legislation as enacted by the Cleveland City Council is arbitrary, capricious and discriminatory in that it requires mandatory payment of fees for such certificates in an unequal manner as to various properties and that, in effect, a 40-suite building is required to pay as much in fees as that paid by a 1000-suite property."

Without stating the number of buildings on any of the plaintiffs' properties, the complaint alleges:

"[T]he Division of Housing and others interpret the legislation in a manner discriminatory to owners and operators of garden-type dwellings whose buildings are located on one property but composed of several small buildings which must be operated as a single unit either for reasons of location, economic reasons or reasons of construction."

The complaint asserts that these ordinances impose an illegal tax which exceeds the costs incurred to administer the city's supervision over such rental properties. It claims that the ordinances deny equal protection guaranteed by the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. As taxpayers, the plaintiffs also complain that the ordinances exempt single-family and two-family residences from the requirement for occupancy certificates.

The defendants supported their motion for summary judgment with an affidavit from the city's Assistant Administrator of the Division of Building and Housing:

"[H]is duties include the application and enforcement of the Housing Code. * * * [H]e supervises the administrative and clerical staff charged with issuing Certificates of Occupancy. * * *

"Affiant further states that in his opinion it would be an unwieldy burden for the City of Cleveland to inspect and issue Certificates of Occupancy for the total number of occupied single and two-family structures within the City as there are roughly 138,000 as compared to 6,900 occupied multi-family structures within the City, according to the last compiled Real Property Inventory of Metropolitan Cleveland and 1978 U.S. Census data.

"Affiant further states that in order to administer the issuing of Certificates of Occupancy pursuant to the code, a section of employees staffed by two full-time administrative and three full-time clerical employees is maintained by the city of Cleveland. (Table 1 attached) These direct costs for the maintenance [of] Certificate of Occupancy records are separate from the costs associated with field inspection, follow-up and issuance of violation notices in connection with Certificate of Occupancy requirements. (Table 2 attached) * * * [The affidavit then describes in some detail the agency's duties.] Affiant further sayeth that the charges imposed by Codified Ordinances only partially offset the costs of administering the housing program."

The plaintiff property owners filed no evidentiary materials to challenge the defendants' motion.

II

This court rejected a similar attack on the same ordinances in *Belvoir Cliffs Apts., Ltd.* v. *Cleveland* (Aug. 16, 1979), Cuyahoga App. No. 39055, unreported.

The present plaintiffs provide no valid reason for us to rule otherwise. To the extent that the plaintiffs assert a taxpayer's rights, the *Belvoir Cliffs* ruling is *res judicata.* Cf. *Stromberg* v. *Bd. of Edn.* (1980), 64 Ohio St. 2d 98, 100, 18 O.O. 3d 343, 344, 413 N.E. 2d 1184, 1186.

The defendant city and its officials provided evidentiary material to demonstrate that the costs for this administrative program exceed the fees charged to support it. The plaintiffs failed to rebut that evidence with contrary evidentiary materials. They cannot rely on allegations in their complaint for that purpose. Civ. R. 56(E). Hence, the licensing fees satisfy the requirement that they be reasonably related to the administrative costs incurred. Cf. *Richmond Heights* v. *LoConti* (1969), 19 Ohio App. 2d 100, 48 O.O. 2d 227, 250 N.E. 2d 84.

While the ordinance may impose greater charges per rental unit for some properties than for others, it is not arbitrary or unreasonable. The ordinance does not classify persons on such constitutionally suspect bases as race, religion, gender, or residence. Consequently, it satisfies constitutional requirements for reasonableness if the legislative body had any justifiable explanation for the standards it used. The official's affidavit supplied such explanations for the legislative choices made by the Cleveland City Council. As the court said in *Belvoir Cliffs, supra,* at 4, "[r]easonableness, not mathematical nicety, is the standard."

We overrule the plaintiffs' single assignment of error, which challenges the trial court's summary judgment, and affirm that judgment.

*Judgment affirmed.*

ANN MCMANAMON and CORRIGAN, JJ., concur.