TEAMSTER'S HOUSING, INC., APPELLEE, *v.* CITY OF EAST CLEVELAND, APPELLANT.

(No. 51763—Decided March 23, 1987.)

*Edward Icove,* for appellee.
*Phyllis Brooks,* for appellant.

DAVID T. MATIA, J. Defendant-appellant, the city of East Cleveland, appeals from the granting of summary judgment in favor of plaintiff-appellee, Teamster's Housing, Inc.

Appellee is an Ohio nonprofit corporation which owns and operates a two-hundred-thirty-one unit apartment building in East Cleveland. Prior

to October 26, 1982, appellee complied with Section 1349.05(a) of the East Cleveland Code which required yearly payment of an occupancy fee of $5 per dwelling unit. The fee was not to exceed $200 for any one building. On October 26, 1982, appellant amended the ordinance and raised the fee to $10. Appellant claimed a typographical error deleted the words "per dwelling unit," and the ordinance was again amended to require an occupancy fee of $10 per dwelling unit.

On December 31, 1982, appellee tendered a $10 fee for the entire apartment complex. Appellant refused the payment on the ground that the ordinance was amended to require $10 per dwellng unit. Subsequently, appellee paid the $2,310 yearly fee for the years 1982 through 1986 under protest.

On November 4, 1983, appellee filed suit for declaratory judgment, arguing that the ordinance as amended was unconstitutional on its face and/or as applied.

Both parties filed motions for summary judgment. The trial court granted appellee's motion, stating that although the city had the constitutional authority to charge a licensing fee, it was bound to impose a fee that reasonably related to the burden imposed upon the city. The court found the fee of $10 per unit unreasonable, arbitrary and discriminatory. It held the fee unconstitutional, stating it was "a tax disguised as a license fee." The court ordered appellant to repay appellee the overpayment plus interest and costs.

Appellant asserts two assignments of error in its timely appeal.

I

Appellant's first assignment of error is:

"The trial court erred as a matter of law when it granted plaintiff-appellee's motion for summary judgment and denied defendant-appellant's motion for summary judgment and concluded that Section 1349.05(a) of the East Cleveland Codified Ordinances was unreasonable, arbitrary and discriminatory, [and,] thus, unconstitutional."

Appellant's argument is without merit.

In *Richmond Heights* v. *LoConti* (1969), 19 Ohio App. 2d 100, 48 O.O. 2d 227, 250 N.E. 2d 84, this court determined that a municipality may require a license fee for a particular business or activity; however, the amount of such fee must bear a reasonable relation to the burden imposed, by the activity being licensed and by the licensing process itself, upon the governmental entity involved.

The burden of showing that an ordinance is unconstitutional rests upon the challenger who must present clear and convincing evidence of facts which make the ordinance unconstitutional and void. *Petrocon* v. *Kosydar* (1974), 38 Ohio St. 2d 264, 67 O.O. 2d 332, 313 N.E. 2d 373.

Appellant contends that summary judgment is proper in the case at hand; however, it argues that summary judgment should have been granted in its favor. Appellant cites two cases from this court in support of its argument that the license fee bears a reasonable relation to the burden imposed upon the city. Appellant's reliance on *Goudreau* v. *Cleveland* (1985), 30 Ohio App. 3d 179, 30 OBR 321, 507 N.E. 2d 373, and on *Belvoir Cliffs Apts., Ltd.* v. *Cleveland* (Aug. 16, 1979), Cuyahoga App. No. 39055, unreported, is misplaced. These two cases can be distinguished from the case *sub judice* on the facts and on the arguments contained therein. In *Goudreau* and *Belvoir Cliffs,* the challenged ordinance set a ceiling on the amount charged for an occupancy permit. In both cases, owners of small apartment

buildings challenged the ordinance in question on the basis that they were required to pay substantially more, on a unit basis, than owners of large apartment buildings. They claimed this disparity was unconstitutional. This court held that the city produced adequate evidence to support a finding that the fees charged were reasonably related to the actual costs of inspection.

In the instant case, the appellee submitted evidentiary material on behalf of its argument that the increased fees were charged solely to raise general revenues for East Cleveland. In addition, it submitted evidence that the fee charged was not commensurate with the services provided by the city. Specifically, the premises were not inspected from 1977 to 1982. They were inspected in 1983 and have not been inspected since, allegedly due to this litigation. Moreover, the appellee produced documents indicating that a total of twenty-eight hours was spent on the 1983 inspection of appellee's building. Appellee's evidentiary materials in support of its motion for summary judgment were filed pursuant to Civ. R. 56(C).

Appellant's motion for summary judgment alleged that it spent one hundred forty-nine hours, in the form of administrative costs, including fee processing, mailing of applications and correspondence, in addition to the time spent inspecting appellee's premises. Appellant's estimation, however, was merely an allegation contained in its brief. Appellant failed to comply with the requirements of Civ. R. 56(E) by filing affidavits or other documentary evidence to set forth specific facts showing there was a genuine issue for trial. Thus, based on the evidence properly before it, the trial court did not err in rendering summary judgment in favor of the appellee.

Accordingly, the appellant's first assignment of error is overruled.

II

The appellant's second assignment of error is:

"The trial court erred as a matter of law when it awarded plaintiff-appellee recovery of the certificate of occupancy fees it [had] paid pursuant to the ordinance of the city of East Cleveland."

Appellant argues that even assuming that the ordinance is unconstitutional, appellee cannot recover the license fees already paid since the payment was not made involuntarily. See *Prudential Co-Operative Realty Co.* v. *Youngstown* (1928), 118 Ohio St. 204, 160 N.E. 695. Payment is unwillingly made when loss or damage accrues other than the damage naturally resulting from withholding or delaying official action. Cf. *Prudential, supra,* at paragraph three of the syllabus. Appellant's argument is not well-taken.

In appellant's answer, it admitted that appellee paid the $2,310 license fee under protest. Further, appellee paid the fee in order to avoid criminal prosecution authorized by East Cleveland Code Section 1337.99. This is evidenced by appellee's payment of the license fee throughout the pendency of this litigation. Thus, the trial court did not err in authorizing repayment of the disputed fees since the appellee met the requirements of involuntary payment under *Prudential, supra.*

Accordingly, appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, P.J., concurs.

PRYATEL, J., dissents.

PRYATEL, J., dissenting. Respectfully, I dissent.

Since the city of East Cleveland offered legal conclusions in its brief, rather than evidence as outlined in Civ. R. 56, I am constrained to hold that the ordinance is unconstitutional but only *as applied to the appellee* on the first assignment of error.

Section 1349.05(a) of the East Cleveland Code provides that "an application for a certificate of occupancy shall be accompanied by a nonrefundable fee of ten dollars per dwelling unit." As noted, the fee is not refundable. Thus, appellee is placed on notice that the fee, once paid, is not returnable. Nor can the appellee by making its payment "under protest" alter the ordinance as adopted by the municipality.

To challenge the ordinance, appellee must consider, for example, (1) declining payment and appeal any citition that may follow, or (2) seeking a declaratory judgment coupled with an order restraining the municipality from any other action pending a resolution on the issue of constitutionality.

I would sustain appellant's second assignment of error and not refund the fees that appellee paid pursuant to the ordinance knowing that the amount would not be refundable.