■ PAUL LaCARRUBA et al., Respondents-Appellants, v LEGISLATURE OF THE COUNTY OF SUFFOLK et al., Appellants-Respondents. [640 NYS2d 130]

The Supreme Court properly denied the plaintiffs' motion to certify the action as a class action because the plaintiffs failed to demonstrate that there existed questions of law or fact common to the class or that the claims of the representative parties were typical of the claims of the class *(see,* CPLR 901 [a] [2], [3]). Unlike the plaintiffs, the majority of the proposed class did not pay the disputed fee under protest. Therefore, only those members of the proposed class who paid the disputed fee under protest would be entitled to an automatic refund while the other members may only receive a refund if they demon-

strated that the disputed fee was coercive *(see, Video Aid Corp. v Town of Wallkill,* 85 NY2d 663, 666-667). We note that a class action against a governmental body is not considered the superior method for the fair and efficient adjudication of a controversy because the doctrine of stare decisis would render the determination of an action binding on the governmental body and would automatically benefit all persons sought to be represented in the class *(see, Rivers v Katz,* 67 NY2d 485, 499; *Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Jones v Berman,* 37 NY2d 42, 57; *Conklin v Town of Southampton,* 141 AD2d 596, 597; *Oak Beach v Town of Babylon,* 100 AD2d 930).

The Supreme Court stated that it granted "that branch" of the plaintiffs' motion which was to preliminarily enjoin the defendants from collecting a late fee and to direct them to inform the delinquent taxpayers that they may pay a $100 late fee under protest. CPLR 6311 provides that a preliminary injunction may be granted "only upon notice to the defendant". The relief requested in the plaintiffs' motion was limited to class certification and "such other and further relief" as the court might deem just and proper. Because the plaintiffs' motion did not specifically request a preliminary injunction, the court did not have the authority to preliminarily enjoin the defendants' conduct or, pursuant thereto, direct them to inform the delinquent taxpayers that they may pay the $100 late fee under protest *(see,* CPLR 6311). We note that the issue has been rendered academic in light of our decision in *Sand Hill Assocs. v Legislature of County of Suffolk* (225 AD2d 681 [decided herewith]), which declared the disputed fee invalid. Thompson, J. P., Joy, Hart and Florio, JJ., concur.