■ BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF NEW ROCHELLE, Appellant, v COUNTY OF WESTCHESTER, Respondent, et al., Defendants. [724 NYS2d 422] —In an action, *inter alia,* for tuition reimbursement pursuant to Education Law § 3202 (4), the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered January 19, 2000, as granted that branch of the motion of the defendant County of Westchester which was to dismiss the first cause of action in the amended complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the first cause of action for tuition reimbursement in its entirety and substituting therefore a provision granting that branch of the motion to the extent of dismissing that cause of action insofar as it seeks reimbursement for tuition payments made before June 29, 1996; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

In 1993 the Department of Social Services of the defendant County of Westchester (hereinafter the County) entered into a contract with St. Christopher's—Jennie Clarkson Child Care Services (hereinafter St. Christopher's) to operate a facility for the temporary care of up to 24 children who are placed in detention pending judicial proceedings under Family Court Act articles 3 or 7. Pursuant to the contract, St. Christopher's would arrange for educational services for the children and then receive reimbursement from the school districts in which individual children resided before entering the facility. Accordingly, Greenburgh—North Castle Union Free School District (hereinafter Greenburgh—North Castle), a school district coterminous with St. Christopher's, provided educational services for the facility and subsequently billed the City School District of City of New Rochelle for the costs of the educational services for students who had resided in New Rochelle prior to their entry into the facility.

On June 28, 1999, the plaintiff commenced this action against the County and others, seeking, *inter alia*, tuition reimbursement for the amounts it paid to Greenburgh—North Castle for educational services provided to children at the facility who previously resided in New Rochelle. The plaintiff also sought establishment of a common fund to reimburse other similarly-situated school districts. The County moved to dismiss the complaint on the ground that the plaintiff failed to state a cause of action pursuant to CPLR 3211 (a) (7), arguing, among other things, that (1) the facility was a "family home at board" pursuant to Education Law § 3202 (4) (a), and as such, the plaintiff was responsible for the tuition costs in question, (2) the action was time-barred by the Statute of Limitations, and (3) the plaintiff did not have standing to seek creation of a common fund to reimburse other school districts as the plaintiff had not established that class action certification was appropriate.

The Supreme Court granted the County's motion to dismiss the complaint insofar as asserted against it, concluding that the facility in question is a nonsecure detention facility, and that nonsecure detention facilities are family homes at board pursuant to Education Law § 3202 (4) (a).

It is well settled that on a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated (*see, Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318). Contrary to the Supreme Court's determination, in examining the factual allegations in a light most favorable to the plaintiff, we cannot conclude, as a matter of law, that the facility in question is a family home at board pursuant to Education Law § 3202 (4) (a). Accordingly, the first cause of action is proper. However, an action for tuition reimbursement pursuant to Education Law § 3202 (4) (a), is subject to the three-year limitation period of CPLR 214 (2) (*see, Connetquot Cent. School Dist. v Greenport Union Free School Dist.,* 100 AD2d 923). Therefore, the first cause of action of the amended complaint is dismissed to the extent that it seeks recovery of tuition costs for periods before June 29, 1996.

To the extent that the complaint seeks the creation of a common fund to reimburse other similarly-situated school districts, the plaintiff, in effect, seeks class action certification. It is well settled that a class action is not considered the superior method

for the fair and efficient adjudication of a controversy against a governmental body (*see, LaCarruba v Legislature of County of Suffolk,* 225 AD2d 671). Accordingly, the Supreme Court properly denied class action certification (*see,* CPLR 901 [a]; *Wegman v Dairylea Coop.,* 50 AD2d 108; *see also, LaCarruba v Legislature of County of Suffolk, supra*). Altman, J. P., Florio, Schmidt and Smith, JJ., concur.