GOTTLIEB et al., Appellees,

v.

CITY OF SOUTH EUCLID, Appellant.

[Cite as *Gottlieb v. S. Euclid,* 157 Ohio App.3d 250, 2004-Ohio-2705.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83399.

Decided May 27, 2004.

Lustig, Evans & Lucas Co., Robert M. Lustig and Matthew Harris Lucas; Shapero, Green & Michel, LLC, and Brian J. Green; and Myron Krotinger, for appellees.

Nicola, Gudbranson & Cooper, LLC, Vincent A. Feudo, Michael E. Cicero and James H. Grove, for appellant.

SEAN C. GALLAGHER, Judge.

{¶ 1} Appellant, city of South Euclid ("the city"), appeals from the judgment of the Cuyahoga County Court of Common Pleas, which granted the motion for class certification of appellees, Michael J. Gottlieb et al.[1] For the reasons adduced below, we reverse and remand.

{¶ 2} Appellees filed a complaint challenging South Euclid Ordinance Sections 1409.02 and 1409.05. Section 1409.02 requires "[a]n annual application for a certificate of occupancy be made annually and separately for each rental unit and/or multiple dwelling." The application requires various information about the owner of the property and its occupants, including names, addresses, phone numbers, birth dates, driver's license numbers, along with other information. Section 1409.05 imposes an application fee of $100 payable annually for each dwelling unit.

{¶ 3} Appellees claim in the complaint that the $100 fee required by Section 1409.05 is unconstitutional because it does not bear a reasonable relation to the burden imposed on the city by the activity being licensed and by the licensing process. Appellees also claim that the application authorized by Section 1409.02 is unconstitutional in that it requires the property owner to collect and disclose information not sufficiently related to any legitimate government interest or purpose, and also invades the fundamental privacy rights of tenants. Appellees

---

1. The plaintiffs/appellees in this action are Michael J. Gottlieb; Hoffman Construction Inc.; Sue Iacobucci and Elmo Iacobucci; J.S.E. Properties Two, LLC; Metro–View Realty Co.; NRS Odyssey, LLC; and South Euclid Properties, Ltd. The lower court case, CV02–472284, was consolidated with an action brought by Goldberg Companies, Inc. against the city of South Euclid, CV02–477009. The latter case is not involved in this appeal.

are seeking a declaratory judgment and injunctive relief along with a return of all fees paid for the certificate of occupancy under Section 1409.05 during 2001 and each subsequent year.

{¶ 4} Appellees filed a motion for class certification with the plaintiffs "as representatives of all landlords subject to South Euclid Ordinance 1409.02 and 1409.05." The motion indicated that class membership was based on ownership of rental units and that there were 413 rental unit owners, as of 2001, subject to South Euclid Ordinance Sections 1409.02 and 1409.05.

{¶ 5} After briefing by the parties, but prior to a scheduled hearing date, the trial court granted the motion for class certification and instructed the parties to file proposed orders including the definition of the plaintiff class.

{¶ 6} From this judgment, the city has appealed raising eight assignments of error for our review. We shall address the assigned errors in a mixed order.

{¶ 7} The city's first assignment of error states:

{¶ 8} "1. The trial court erred by failing to conduct a rigorous analysis of the separate claims advanced by appellees, by certifying an overly broad class and subsequently asking the parties to define it."

{¶ 9} The Ohio Supreme Court has set forth the standard of review for decisions to certify a class action, stating that "[a] trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus. The Ohio Supreme Court has also cautioned that "the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442.

{¶ 10} Civ.R. 23 sets forth seven requirements that must be satisfied before a case may be maintained as a class action. Those requirements are as follows: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied. See *Hamilton*, 82 Ohio St.3d at 79, 694 N.E.2d 442. In addition, in an action for damages, the trial court must specifically find, pursuant to Civ.R. 23(B), that

questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Id.

{¶ 11} The party seeking to maintain a class action has the burden of demonstrating that all factual and legal prerequisites to class certification have been met. *Gannon v. Cleveland* (1984), 13 Ohio App.3d 334, 335, 13 OBR 412, 469 N.E.2d 1045. A class action may be certified only if the court finds, after a rigorous analysis, that the moving party has satisfied all the requirements of Civ.R. 23. *Hamilton*, 82 Ohio St.3d at 70, 694 N.E.2d 442.

{¶ 12} Under this assignment of error, the city argues that the trial court abused its discretion by failing to conduct a rigorous analysis of the claims in order to properly define and limit the scope of the class as to each claim.

{¶ 13} Pursuant to Civ.R. 23, an identifiable class must exist and the definition of the class must be unambiguous. "The requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d at 72, 694 N.E.2d 442, citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure (2d Ed.1986) 120–121, Section 1760. Thus, the class must be defined precisely enough "to permit identification within a reasonable effort." *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 96, 521 N.E.2d 1091.

{¶ 14} In this action, the trial court's opinion does not define the class to which it granted certification. At the conclusion of the opinion, the trial court ordered the parties to "file with the Court proposed orders effectuating this judgment including the definition of the Plaintiff class by September 20, 2003." The city claims that the trial court abused its discretion by granting certification and then directing the parties to provide a class definition. Appellees claim that the trial court's order should be read as requiring that appellees' proposed class definition be incorporated into a subsequent order.

{¶ 15} Our review of the record reflects that the trial court considered appellees' proposed class in granting certification. While the trial court did not set forth a definition of the class, the trial court referenced "the proposed class." Appellees filed their motion for class certification as representatives of "all landlords subject to South Euclid Ordinance 1409.02 and 1409.05." Since the class for which plaintiffs were seeking certification is reasonably clear from the record, we review the trial court's determination that the class was identifiable. See *Hamilton*, 82 Ohio St.3d at 72, 694 N.E.2d 442.

{¶ 16} In support of its position that the class was unambiguous and identifiable, appellees asserted that the city's own records identify class members and attached to their motion an unverified summary of the city's 2001 list of residential rental property owners. The trial court relied upon this list and determined that "[t]he City has a complete listing of the rental owners for which they collect the fees and applications (which the Plaintiffs have attached to their motion) making the class easily identifiable."

{¶ 17} The focus of a trial court in determining whether a class is readily identifiable is "whether the means is specified at the time of certification to determine whether a particular individual is a member." *Hamilton*, 82 Ohio St.3d at 73, 694 N.E.2d 442. Here, the city maintains records of rental owners from whom it collects fees and applications. We cannot say the trial court abused its discretion in finding that an identifiable class existed. However, for reasons later discussed, we do find that the class as certified was overbroad.

{¶ 18} The city also claims that with respect to the claim of undue burden associated with completing applications, the appellees did not attempt to provide a basis for calculating the various burdens. This argument is without merit. The undue burden allegedly imposed upon property owners by South Euclid Ordinance Section 1409.02 relates to all members of the proposed class.

{¶ 19} The city's first assignment of error is overruled.

{¶ 20} The city's third, fourth, fifth, and seventh assignments of error state:

{¶ 21} "3. The trial court erred by failing to conduct a rigorous analysis of plaintiffs' lack of standing to sue as class representatives on claims of illegal taxation."

{¶ 22} "4. The trial court erred by failing to conduct a rigorous analysis of plaintiffs' burden to establish numerosity to support certification on plaintiffs' damage claims."

{¶ 23} "5. The trial court erred by failing to conduct a rigorous analysis of the superiority of and need for a class action under Civ.R. 23(B)(3)."

{¶ 24} "7. The trial court erred by failing to conduct a rigorous analysis relative to commonality and typicality of the proposed representatives' claims."

{¶ 25} Under its third, fourth, and seventh assignments of error, the city argues that the action is not suitable for class certification because not all class members paid the license fee under protest. As a result, the city contends that the class representatives do not adequately represent the class and numerosity is lacking. Under its fifth assignment of error, the city argues that the trial court failed to analyze whether class certification was the superior method or was even

necessary for the declaratory and injunctive relief sought. Each of these arguments is addressed below.

{¶ 26} We must first consider the nature of the claims that have been brought. This action involves constitutional challenges to South Euclid Ordinance Sections 1409.02 and 1409.05. Appellees are seeking a declaratory judgment, injunctive relief, and monetary damages.

{¶ 27} It has been held that a "municipality may require a license fee for a particular business or activity; however, the amount of such fee must bear a reasonable relation to the burden imposed, by the activity being licensed and by the licensing process itself, upon the governmental entity involved. The burden of showing that an ordinance is unconstitutional rests upon the challenger who must present clear and convincing evidence of facts which make the ordinance unconstitutional and void." *Teamster's Hous., Inc. v. E. Cleveland* (1987), 36 Ohio App.3d 83, 84, 521 N.E.2d 4.

{¶ 28} Pursuant to R.C. 2723.03, an action may be brought to enjoin the collection of taxes and assessments. However, in order to maintain an action for the recovery of taxes or assessments, R.C. 2723.03 requires a plaintiff to allege and prove that he filed a written protest and notice of intention to sue at the time of paying the tax or assessment. The Ohio Supreme Court has held that these requirements are mandatory. *Ryan v. Tracy* (1983), 6 Ohio St.3d 363, 6 OBR 416, 453 N.E.2d 661. Moreover, the failure to comply with these requirements bars a later lawsuit by a taxpayer. Id. at 365, 6 OBR 416, 453 N.E.2d 661; *Blisswood Village Homeowners Assn. v. McCormack* (1988), 38 Ohio St.3d 73, 74, 526 N.E.2d 69; *Richland Cty. v. Toward* (Mar. 11, 1996), Richland App. No. 95–CA–27, 1996 WL 132409. Further, pursuant to R.C. 2723.01, an action challenging the payment of taxes or assessments must be brought within one year of collection.

{¶ 29} In finding that certification in this action was appropriate, the trial court relied upon New York law that holds that a taxpayer may be entitled to a refund even where payment was made without protest upon a showing that the fee was coercive. See *LaCarruba v. Legislature of the Cty. of Suffolk* (1996), 225 A.D.2d 671, 640 N.Y.S.2d 130. Because Ohio law mandates the filing of a written protest and notice of intention to sue, the class as certified was overbroad with respect to the damages claim. While appellees refer this court to *Teamster's Housing*, 36 Ohio App.3d at 85, 521 N.E.2d 4, in support of their position that payments made under the threat of prosecution are not voluntary, a review of *Teamster's Housing* reflects that the fee in that case was paid under protest.

{¶ 30} Here, appellees are seeking both to enjoin the collection of the license fee and recover the fee. In a similar action, *Marchionda v. Youngstown* (Jan. 17,

1995), Mahoning App. No. 93 C.A. 30, 1995 WL 27135, the Seventh District Court of Appeals certified a class of property owners seeking to enjoin the collection of assessments for street lighting and to recover a refund of the taxes collected. The defendants objected to certification, arguing that, pursuant to R.C. 2723.01 and 2723.02, recovery cannot be made in the absence of proof that a written protest was made at the time the taxes or assessments were paid. Id. The court found that the defendants were attempting to convert the action from one which sought injunctive relief, along with a refund of taxes collected, into an action simply to recover taxes. Id. The court proceeded to affirm class certification, finding that the property owners had standing to bring the action on behalf of themselves and others. Id.

{¶ 31} On remand, the trial court in *Marchionda* granted summary judgment in favor of the defendants. *Marchionda v. Youngstown* (Apr. 27, 1999), Mahoning App. No. 97 C.A. 192, 1999 WL 259962. The court found that new ordinances had been passed that rendered the request for injunctive relief moot. Id. The trial court then found that in order to maintain a claim for the recovery of the assessments paid by the class, the plaintiffs were required to establish that a written protest was filed by each class member at the time the assessment was paid in accordance with R.C. 2723.03. Id. Because the plaintiffs failed to produce evidence that the assessments were paid under protest, the Second District Court of Appeals affirmed the trial court's decision to grant summary judgment. Id.

{¶ 32} While we recognize that the entire action was certified for class treatment in *Marchionda,* we do not believe certification of a damages claim to recover a license fee is appropriate in the absence of evidence showing that the class representatives paid the fee under protest and that the class, as restricted to those paying the fee under protest, meets the numerosity requirement. See *Huffman v. Alliance* (May 20, 1996), Stark App. No. 1995CA00253, 1996 WL 363841 (finding that class certification was not appropriate where representatives did not file a written protest). As found in *Pennsylvania RR. Co. v. Scioto–Sandusky Conservancy Dist.* (1956), 101 Ohio App. 61, 1 O.O.2d 35, 137 N.E.2d 891, "[a] taxpayer may bring a class action to enjoin the collection of taxes, but he may not convert such class action into one to recover taxes illegally collected."[2]

{¶ 33} Upon remand, the trial court must consider whether these requirements have been met. If the court should find that certification is not warranted for the damages claim, class certification for injunctive relief will be unnecessary. Civ.R.

---

2. We note that a trial court may grant class certification on particular issues while denying that certification on other issues. *Helman v. EPL Prolong, Inc.,* Columbiana App. No. 2001 CO 43, 2002-Ohio-5249, 2002 WL 31170363, citing Civ.R. 23(C)(4)(a).

23(B)(2) permits class certifications when the defendant has acted in a manner generally applicable to the class, making injunctive or declaratory relief appropriate. *State ex rel. Horvath v. State Teachers Retirement Bd.* (Mar. 31, 1995), Franklin App. No. 94APE07–988, 1995 WL 141049. However, it is not necessary to certify a Civ.R. 23(B)(2) injunctive class where an individual judgment as to the constitutionality of a statute or ordinance will enure to the benefit of all potential class members because the statute or ordinance will be found either constitutional or unconstitutional. Id. As stated in *State ex rel. Horvath,* "[c]ertification of the cause as a class action prior to the determination of the constitutionality of the statute may result in unnecessary discovery procedures and the unjustified and unnecessary expenditure of judicial time and energy needed to determine a class action. * * * [W]e must be ever mindful of the policy behind a class action lawsuit, i.e., to simplify the resolution of complex litigation, not complicate it unnecessarily." Id. Put simply, class certification is not the superior method for dealing with such constitutional claims, standing alone.

{¶ 34} The record before us reflects that appellees failed to meet their burden of demonstrating that all factual and legal prerequisites to class certification were met. We find that the trial court erred in granting class certification. The city's third, fourth, fifth, and seventh assignments of error are sustained.

{¶ 35} The city's sixth assignment of error provides:

{¶ 36} "The trial court erred by failing to conduct a rigorous analysis relative to the requirements of Civ.R. 23(B)(1)(b) and the lack of risk of impairment."

{¶ 37} Among the requirements that must be satisfied before a class may be certified is that the trial court must find that the class falls within the purview of one of the three Civ.R. 23(B) requirements. See *Marks v. C.P. Chemical Co.,* 31 Ohio St.3d 200, 201, 31 OBR 398, 509 N.E.2d 1249. Appellees' motion for class certification sought certification under Civ.R. 23(B)(1)(b) and Civ.R. 23(B)(3).

{¶ 38} The city argues that class certification under Civ.R. 23(B)(1)(b) is limited to situations in which a limited pool of funds is available to satisfy deserving members and that where there is no showing or no risk of a depletion of funds, class certification must be denied. Appellees claim that the trial court's opinion does not reflect that the class was certified under Civ.R. 23(B)(1)(b).

{¶ 39} It appears from the trial court's analysis that the class was certified under Civ.R. 23(B)(3). This section is referred to as the "damage" action and requires two findings by the trial court: (1) that questions of law or fact common to members of the class predominate over individual questions, and (2) that a class action is superior to other methods of resolving the controversy. *Warner,* 36 Ohio St.3d at 96, 521 N.E.2d 1091; *Marks,* 31 Ohio St.3d at 204, 31 OBR 398,

509 N.E.2d 1249. We have already determined that there was insufficient evidence supporting the Civ.R. 23 requirements and class certification.

{¶ 40} Insofar as appellees sought certification under Civ.R. 23(B)(1)(b), there was no evidence before the court to support certification under this section. Civ.R. 23(B)(1)(b) permits class certification if "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." This section applies where only a limited amount of money is available and there is a risk that separate actions would deplete the fund before all deserving parties could make a claim. *Warner*, 36 Ohio St.3d at 95, 521 N.E.2d 1091. Since appellees did not produce evidence concerning this requirement and there was no analysis conducted by the trial court, certification would not have been warranted under this section.

{¶ 41} The city's sixth assignment of error is sustained.

{¶ 42} The city's eighth assignment of error states:

{¶ 43} "The trial court erred by failing to conduct a rigorous analysis of the adequacy of the class representatives and their counsel."

{¶ 44} Appellees raise several concerns about the proposed class representatives relating to their awareness of the status of their claims, their knowledge of their responsibility for supporting the costs of litigation, and the extent of their self-interest in the action. Appellees also raise concerns about whether counsel is competent to handle the action.

{¶ 45} With respect to the Civ.R. 23(A)(4) requirement that representative parties must fairly and adequately protect the interests of the class, the Ohio Supreme Court stated the following in *Warner*:

"A representative is deemed adequate so long as his interest is not antagonistic to that of other class members. *Marks*, [31 Ohio St.3d at 203, 31 OBR 398, 509 N.E.2d 1249]. * * *

"The issue of whether counsel is competent to handle the action can be the most difficult in the Rule 23 analysis. The fact that an attorney has been admitted to practice does not end the judicial inquiry. An attorney should be experienced in handling litigation of the type involved in the case before class certification is allowed. Close scrutiny should be given to the attorney's qualifications to handle the matter with which he is entrusted. * * *"
*Warner*, 36 Ohio St.3d at 98, 521 N.E.2d 1091.

{¶ 46} As this issue was disputed by the parties, the matter should be addressed on remand at an evidentiary hearing before the trial court. The city's eighth assignment of error is sustained.

{¶ 47} Finally, the city's second assignment of error provides:

{¶ 48} "2. The trial court erred in granting plaintiffs' motion for class certification without a hearing after determining a hearing was necessary."

{¶ 49} Generally, a trial court does not need to conduct an evidentiary hearing to be able to determine whether class certification is warranted. *Ritt v. Billy Blanks Ent.*, Cuyahoga App. No. 80983, 2003-Ohio-3645, 2003 WL 21545138. However, "'[w]here * * * the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue.'" *Warner*, 36 Ohio St.3d at 99, 521 N.E.2d 1091, quoting *Walker v. World Tire Corp., Inc.* (C.A.8, 1977), 563 F.2d 918, 921.

{¶ 50} In the case at bar, the trial court scheduled a hearing on the motion for class certification but proceeded to grant the motion prior to the hearing date. Since the pleadings did not conclusively demonstrate that the Civ.R. 23 requirements were met, the trial court, upon remand, must conduct an evidentiary hearing on class certification consistent with the findings of this court. The city's second assignment of error is sustained.

Judgment reversed
and cause remanded.

JAMES J. SWEENEY, P.J., concurs.

KENNETH A. ROCCO, J., concurs separately.

KENNETH A. ROCCO, Judge, concurring.

{¶ 51} While I agree that the class certification order must be reversed, I would not require the court to conduct any further proceedings on the motion at this time.

{¶ 52} In my opinion, a class action lawsuit is an unwieldy method of litigating a facial challenge to a municipal ordinance. If an individual plaintiff succeeds in such a challenge, the ordinance is declared unconstitutional as to all persons, not just the plaintiff. Thus, the proposed class will benefit even without class certification. If, on the other hand, the plaintiff's suit fails, others are not precluded from filing their own constitutional challenge to the ordinance. Thus, the proposed class gets all of the benefits of the individual plaintiff's action without being joined as plaintiffs, but will not be directly bound by a negative result, although stare decisis may limit their claims.

{¶ 53} Individual actions challenging the constitutionality of an ordinance do not create a risk of establishing incompatible standards of conduct for the defendant-city, so plaintiffs cannot demonstrate that certification is appropriate

under Civ.R. 23(B)(1)(a). Nor can plaintiffs demonstrate that certification is appropriate under Civ.R. 23(B)(1)(b). "This section has been interpreted as protection for later litigants who may be deprived of recovery due to the success of earlier litigants." *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 203, 31 OBR 398, 509 N.E.2d 1249. For the reasons stated above, there is no such risk in a facial challenge to the constitutionality of an ordinance. Finally, plaintiffs cannot show that a class action would be superior to other available methods for the fair and efficient adjudication of the constitutionality of the ordinance, given that the government must treat equally persons in the same position as plaintiffs. See Civ.R. 23(B)(3).

{¶ 54} To consider certification of a class with respect to plaintiffs' claim for a refund of fees is premature. Plaintiffs' demand for a refund of fees is necessarily secondary to their facial challenge to the ordinance here: plaintiffs cannot recover the fees unless the ordinance is declared unconstitutional. Thus, to certify a class at this time with respect to the claim for damages would allow the tail to wag the proverbial dog. In my opinion, plaintiffs should proceed on their constitutional claims first, and the issue of class certification should be determined with respect to the damages claim only if the constitutional challenge succeeds.

{¶ 55} Accordingly, I concur.