[Cite as *AE Owner, L.L.C. v. E. Cleveland*, 2019-Ohio-2220.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

AE OWNER L.L.C., ET AL.,               :

    Plaintiffs-Appellees,          :

                                   No. 107475

    v.                             :

CITY OF EAST CLEVELAND, ET AL.,        :

    Defendants-Appellants.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 6, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-890113

---

### *Appearances:*

Berns, Ockner & Greenberger, L.L.C., Sheldon Berns, and Majeed G. Makhlouf, *for appellees.*

Willa M. Hemmons, East Cleveland Law Director, *for appellants.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendants-appellants, the city of East Cleveland, Salondra Wallace (Housing Administrator), Anthony Bumbalis (Building Inspector), Anthony Dizdar

(Building Inspector), and Kimberly Lanum (Housing Inspector),[1] appeal from the trial court's order granting plaintiffs-appellees AE Owner L.L.C., Crystal Spires, Ltd., and KB Owner L.L.C.'s ("property owners") motion for summary judgment and enjoining defendants-appellants from enforcing East Cleveland Codified Ordinances 1349.05(a).[2]  For the reasons that follow, we affirm.

## Procedural and Substantive History

{¶ 2}  Property owners own rental properties within the city of East Cleveland.  On June 6, 2017, the city of East Cleveland increased its occupancy fee on rental properties from $10 to $100 per unit.  On December 7, 2017, property owners filed a complaint against East Cleveland.  Pursuant to R.C. 2723.01 et seq., the action sought to enjoin East Cleveland from enforcing East Cleveland Codified Ordinances 1349.05(a) and collecting occupancy fees under that section.  On June 1, 2018, competing motions for summary judgment were filed on behalf of property owners and East Cleveland.  Property owners filed a combined memorandum in opposition to East Cleveland's motion for summary judgment and objections to inadmissible evidence in East Cleveland's motion for summary judgment on July 2, 2018.  East Cleveland filed a reply to that motion on July 9, 2018, but did not

---

[1] The named individual defendants were sued in their official capacities. Defendants will be collectively referred to as "East Cleveland."

[2] The original complaint named AE Portfolio L.L.C., KB Portfolio L.L.C., and Crystal Spires, Ltd. as plaintiffs.  On May 31, 2018, plaintiffs filed a motion for substitution of parties under Civ.R. 25(C) substituting AE Owner L.L.C. and KB Owner L.L.C. as party plaintiffs; Crystal Spires, Ltd. remained a plaintiff.  Plaintiffs' motion for substitution was granted on June 12, 2018.

respond to property owners' motion for summary judgment. On July 23, 2018, the trial court granted property owners' motion for summary judgment and denied East Cleveland's motion. East Cleveland filed a timely notice of appeal on July 24, 2018.

{¶ 3} Property owners' motion for summary judgment did not question East Cleveland's ability to impose an occupancy fee. Property owners challenged the amount and application of the occupancy fee stating it was an illegal tax disguised as a fee. East Cleveland did not file a brief in opposition to property owners' motion for summary judgment; hence, the court relied exclusively on the property owners' motion when making its determination. The evidence presented a fee whose value was not tied to the cost of an inspection program. The amount of the fee was determined based upon a comparison of similar fees charged by neighboring communities. The funds collected in accordance with the fee were not segregated exclusively for inspection related activities, but were deposited in the city's general fund. Based upon the evidence, the trial court determined the fee as applied to the property owners was unconstitutional because it was an illegal tax disguised as a fee. The trial court permanently enjoined East Cleveland from enforcing East Cleveland Codified Ordinances 1349.05(A) against the property owners.

{¶ 4} East Cleveland appeals, presenting the following assignments of error for our review: "The Trial Court erred in granting Plaintiffs' Summary Judgment Permanently Enjoining the City's enforcement of its Occupancy Fee Ord. 1345.05. The Trial Court violated the City's right to Equal Protection when it struck down its law that is permitted by Other Inner Ring Cities in Cuyahoga County. The Trial

Court violated the City's Due Process When it denied its right to raise the resources required to support and maintain a rental unit oversight program. The Trial Court violated the City's Home Rule Authority when it declared its Occupancy Fee Law unconstitutional."

## Law and Analysis

## Motion for Summary Judgment

{¶ 5} Generally, a trial court's decision to grant summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. The reviewing court conducts an independent review of the record to determine whether summary judgment is appropriate.

{¶ 6} Summary judgment is appropriate under Civ.R. 56 when "(1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party." *Hull v. Sawchyn*, 145 Ohio App.3d 193, 196, 762 N.E.2d 416 (8th Dist.2001). "The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis omitted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107, 662 N.E.2d 264. If the moving party fails to satisfy this burden, the motion for summary judgment must be denied. *Id.* at 293. If the moving party satisfies its initial burden,

the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. *Id.*

{¶ 7} In its first assignment of error, East Cleveland argues the trial court erred in granting property owners' motion for summary judgment finding the city's occupancy fee unconstitutional and therefore enjoining the city from enforcing the ordinance. We find the occupancy fee is a tax disguised as a fee and overrule East Cleveland's first assignment of error.

{¶ 8} The issue is whether the occupancy fee assessed by East Cleveland is a "fee" or "tax." "[T]his court determined that a municipality may require a license fee for a particular business or activity; however, the amount of such fee must bear a reasonable relation to the burden imposed, by the activity being licensed and by the licensing process itself, upon the governmental entity involved." *Teamster's Hous., Inc. v. E. Cleveland*, 36 Ohio App.3d 83, 84, 521 N.E.2d 4 (8th Dist.1987), citing *Richmond Hts. v. LoConti*, 19 Ohio App.2d 100, 250 N.E. 2d 84 (8th Dist.1969). A fee that does not comport with this criterion is in fact a tax disguised as a license fee and is unconstitutional. *Id.* "The burden of showing that an ordinance is unconstitutional rests upon the challenger who must present clear and convincing evidence of facts which make the ordinance unconstitutional and void." *Id.*, citing *Petrocon v. Kosydar*, 38 Ohio St.2d 264, 313 N.E.2d 373 (1974).

{¶ 9} Applying the relevant case law to the case sub judice, the evidence supports classifying the occupancy fee as a tax. East Cleveland's mayor, finance director, and director of community development and building and housing stated

the purpose of the occupancy fee increase was to provide services for the general welfare of the community. While East Cleveland hoped to eventually have additional funds to improve and expand the rental inspection process, monies collected from the occupancy fee were not limited to use for such services. The collected funds were placed in East Cleveland's general fund and were used on any needed expenditure rather than allocated for limited or narrow purposes. The city's general fund, which supports city operations as a whole, provided fire, police, EMS, and service department amenities to all residents. No cost analysis was completed by East Cleveland establishing the projected cost of inspection services. Therefore, the amount of the occupancy fee does not reflect the amount of money needed to pay for inspection services or other items related to East Cleveland's rental properties. East Cleveland wanted to impose an occupancy fee similar in amount to those charged by neighboring municipalities. The fee increase was determined on a comparison of occupancy fees imposed by neighboring communities rather than the expected costs of new inspection services. In actuality, East Cleveland's proposed occupancy fee was intended to pay for services for the general health and well-being of the community rather than costs reasonably related to managing a specific operation. *Belvoir Cliffs Apts., Ltd., v. Cleveland*, 8th Dist. Cuyahoga No. 39055, 1979 Ohio App. LEXIS 12020, 5 (Aug. 16, 1979), citing *LoConti, supra*.

{¶ 10} While East Cleveland proposes the occupancy fee was to permit an increase in rental property inspections, the evidence does not support this position. In addition to the proffered deposition testimony, East Cleveland's answer to

plaintiffs' complaint states the occupancy fee was adopted "for the health, safety and welfare of the residents of East Cleveland, Ohio." "[I]t is difficult to imagine that an ordinance designed to protect and promote the public health, safety and welfare of an entire community could be characterized as anything but a tax." *Drees Co. v. Hamilton Twp.*, 132 Ohio St.3d 186, 2012-Ohio-2370, 970 N.E.2d 916, quoting *Home Builders Assn. of Mississippi, Inc. v. Madison*, 143 F.3d 1006, 1012 (5th Cir.1998).

{¶ 11} This court previously reviewed this same factual pattern in 1982 in *Teamster's Hous., Inc.*, 36 Ohio App.3d at 84, 521 N.E.2d 4. In *Teamster's*, the plaintiff in that case, the city of East Cleveland ("the Plaintiff"), increased its occupancy fee from $5 to $10 per unit per year. This court found the Plaintiff had the constitutional authority to charge the licensing fee, but it was required to impose a fee reasonably related to the provided services. The new fee was charged solely to increase general revenue for the city rather than to fund property inspections. The Plaintiff failed to file evidence in compliance with Civ.R. 56 to show there was a genuine issue for trial and a motion for summary judgment was upheld finding the Plaintiff's occupancy fee unconstitutional. Despite the ruling in *Teamster's*, East Cleveland has not only continued its enforcement of the occupancy fee but has enacted an increase of the fee. In the present case, property owners' motion for summary judgment identified the same issues raised in *Teamster's*, yet, East Cleveland now states the ruling is "misplaced and antiquated." We do not agree with East Cleveland's application of the law.

{¶ 12} Subsequent to *Teamster's*, the Ohio Supreme Court analyzed whether an assessment was a fee or a tax in *Drees*. The *Drees* court reviewed a framework of four factors, called the *Withrow* factors, *State ex rel. Petroleum Underground Storage Tank Release Comp. Bd. v. Withrow*, 62 Ohio St.3d 111, 113, 116-117, 579 N.E.2d 705 (1991), as well as the *Am. Landfill* analysis created in *Am. Landfill, Inc. v. Stark/Tuscarawas/Wayne Joint Solid Waste Mgt. Dist.,* 166 F.3d 835 (6th Cir.1999). The *Withrow* factors include: 1) was the assessment imposed to further regulatory measures to address a specified issue; 2) was the assessment used only for the narrow and specified purpose and not placed in the general fund; 3) was the assessment imposed by a government in return for a service it provides; and 4) was the assessment calculated and adjusted so that the amount of funds generated were in an amount sufficient to cover the expenses. *Hiznay v. Boardman Twp.*, 7th Dist. Mahoning No. 15 MA 0122, 2017-Ohio-1212, ¶ 25, citing *Withrow*. Answers affirming the *Withrow* factors indicate an assessment is a fee whereas a negative response indicates a tax. The *Am. Landfill* analysis states:

> [A] court should consider "(1) the entity that imposes the assessment; (2) the parties upon whom the assessment is imposed; and (3) whether the assessment is expended for general public purposes, or used for the regulation or benefit of the parties upon whom the assessment is imposed."

*Drees* at ¶ 27, quoting *Bidart Bros. v. California Apple Comm.*, 73 F.3d 925, 931 (9thCir. 1996). No single test exists to distinguish a tax from a fee; the substance of an assessment must be evaluated on a case-by-case basis. *Drees* at ¶ 15. Application

of the *Withrow* factors and *Am. Landfill* analysis indicate East Cleveland's occupancy fee is actually a tax.

{¶ 13} Viewing the evidence most strongly in favor of East Cleveland, reasonable minds can only conclude that property owners established, by clear and convincing evidence, that the proposed occupancy fee constitutes an illegal tax disguised as a fee. East Cleveland's first assignment of error lacks merit and is overruled.

**Right to Equal Protection**

{¶ 14} East Cleveland's second assignment of error asserts it was denied due process by the trial court's decision to grant summary judgment. Specifically, East Cleveland claims discrimination occurred since other municipalities have occupancy fees that have not been found unconstitutional.

{¶ 15} East Cleveland's occupancy fee was found unconstitutional for the reasons cited above. East Cleveland is permitted to adopt and enforce an occupancy fee that satisfies the rigors of the relevant case law so that the assessment is classified as a fee rather than an illegal tax disguised as a fee. The fact that East Cleveland's neighboring communities impose an occupancy fee suggests those municipalities have taken the steps necessary to comply with the relevant case law. A city's occupancy fee must be crafted in conjunction with its own needs, and the fee must be reasonably related to the services the city wishes to provide. *Belvoir Cliffs Apts.,* 8th Dist. Cuyahoga No. 39055, 1979 Ohio App. LEXIS 12020, at 3, citing *LoConti,* 19 Ohio App.2d at 100, 250 N.E.2d 84. The mere enforcement of an occupancy fee

by another municipality has no bearing on the status of East Cleveland's proposed ordinance and the legality of any such fee is outside the scope of this appeal.

{¶ 16} East Cleveland's second assignment of error lacks merit and is overruled.

## Due Process

{¶ 17} In its third assignment of error, East Cleveland challenges the trial court's granting of summary judgment because the ruling violated the city's due process. Specifically, East Cleveland claims the trial court should have evaluated the constitutionality of the East Cleveland Codified Ordinances 14-17 under R.C. 2721.01 et seq. rather than R.C. 2723.01 et seq.

{¶ 18} Property owners filed a complaint on December 7, 2017, asking for injunctive relief under R.C. 2723.01 et seq. Under R.C. 2723.01, a trial court has authority to enjoin the assessment of illegal taxes. In contrast, R.C. 2721.01 et seq. is applicable when a party seeks a declaratory judgment action. Property owners did not file a declaratory judgment action, and therefore, R.C. 2721.01 et seq. is inapplicable to the current action.

{¶ 19} The lower court followed the requirements of R.C. 2723.01 et seq. and did not violate East Cleveland's due process. East Cleveland's due process argument lacks merit, and therefore, we overrule the third assignment of error.

## Home Rule Authority

{¶ 20} In its fourth assignment of error, East Cleveland claims the trial court's ruling violated the city's home rule authority. The Home Rule Amendment,

conferred under Section 3, Article XVIII of the Ohio Constitution, grants a municipality with "'authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.'" *Cleveland Taxpayers for Ohio Constitution v. Cleveland*, 8th Dist. Cuyahoga No. 94327, 2010-Ohio-4685, ¶ 17. "In determining whether a local ordinance conflicts with the general law of the state, the court must consider whether the ordinance prohibits that which the [state law] permits, or vice versa." *Ohioans for Concealed Carry, Inc. v. Cleveland*, 8th Dist. Cuyahoga No. 104970, 2017-Ohio-1560, 90 N.E.3d 80, ¶ 10. East Cleveland argues a municipality has authority to collect fees that will benefit the health, safety, and welfare of its residents.

{¶ 21} Again, we reiterate that East Cleveland has the authority to implement an occupancy fee. However, there must be a nexus between the occupancy fee, the benefit designed to be provided from collection of that fee, as well as satisfaction of any other requirements identified in the relevant case law. Without establishing the conditions identified in the cited case law, a proposed fee is simply a tax disguised as a fee and will be found unconstitutional. Because East Cleveland's current occupancy fee does not satisfy the rigors of applicable case law, it has been and continues to be found unconstitutional. This decision does not find occupancy fees, per se, unconstitutional. An occupancy fee drafted in accordance with the cited case law that operates as a fee rather than as a tax can be imposed as permitted under a municipality's home rule authority.

{¶ 22} The trial court's decision did not violate East Cleveland's home rule authority. The fourth assignment of error is without merit and, as a result, is overruled.

{¶ 23} We affirm the trial court's ruling in favor of property owners' motion for summary judgment that enjoins East Cleveland from collecting the $100 per unit occupancy fee under the East Cleveland's Codified Ordinances 1349.05(A) and find the occupancy fee unconstitutional.

{¶ 24} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

ANITA LASTER MAYS, J., and
MICHELLE J. SHEEHAN, J., CONCUR