**SEARLES, Appellant,**

**v.**

**GERMAIN FORD OF COLUMBUS, L.L.C., Appellee.**

[Cite as *Searles v. Germain Ford of Columbus, L.L.C.,*
174 Ohio App.3d 555, 2007-Ohio-7140.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–477.

Decided Dec. 31, 2007.

Ronald L. Burdge and Elizabeth Ahern Wells, for appellant.

Shayne Nichols, L.L.C., and Michelle R. Dudley, for appellee.

BRYANT, Judge.

{¶ 1} Plaintiff-appellant, Amy Searles, appeals from a judgment of the Franklin County Court of Common Pleas denying her motion to certify a class action. Plaintiff assigns a single error:

The trial court erred to the prejudice of Ms. Searles in denying her motion to certify the sixth claim of her complaint as a class action when it held that R.C. 1345.09 preempts Civ.R. 23 and prevents class certification.

Because the trial court improperly concluded that plaintiff could not maintain simultaneous class and individual actions against defendant-appellee, Germain Ford of Columbus, L.L.C., we reverse.

{¶ 2} On January 17, 2006, plaintiff filed a complaint against defendant, setting forth six claims arising out of her purchase of a used 2002 Ford Explorer from defendant. Plaintiff brought the first five claims individually, alleging (1) breach of contract, (2) violation of the federal Magnuson–Moss Warranty Act, set forth in Section 2301, Title 15, U.S.Code, et seq., (3) several violations of the Ohio Consumer Sales Practices Act ("CSPA"), set forth at R.C. 1345.01 et seq., (4) violation of the Ohio Advertisement and Sale of Motor Vehicles Rule, set forth in Ohio Adm.Code 109:4–3–16, and (5) violation of the Ohio Motor Vehicle Repairs or Services Rule, set forth in Ohio Adm.Code 109:4–3–113(C). As relief for the foregoing claims, plaintiff sought statutory and actual damages, and "other damages, remedies, and relief as deemed proper and lawful by the Court."

{¶ 3} In her sixth claim, plaintiff posited a class action. In it, plaintiff alleged that defendant violated the Used Motor Vehicle Trade Regulation Rule, commonly referred to as the "Window Sticker Rule," set forth in Section 455.1 et seq., Title 16, C.F.R., resulting in an unfair and/or deceptive act or practice in violation of R.C. 1345.02(A) of the CSPA.

{¶ 4} The Window Sticker Rule requires used vehicle dealers to include the following language conspicuously in sales contracts for used motor vehicles: "The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale." Section 455.3, Title 16, C.F.R. Plaintiff alleged that defendant failed to include the required language in the sales contract for the used vehicle she purchased from defendant and failed to include it in the sales contracts of a class consisting of other consumers who purchased used motor vehicles from defendant during the two-year period preceding the filing of plaintiff's complaint. For her class-action claim, plaintiff sought declaratory and injunctive relief, together with attendant monetary damages and other relief, on behalf of each member of the class.

{¶ 5} On February 21, 2006, defendant filed an answer to plaintiff's complaint, and discovery between the parties followed. On September 13, 2006, plaintiff, without objection from defendant, withdrew her individual claim, but maintained her class action, based on defendant's alleged violation of the CSPA premised on its violation of the Window Sticker Rule. On September 20, 2006, plaintiff filed a motion to certify her class-action claim pursuant to Civ.R. 23.

{¶ 6} Following full briefing on the motion, the trial court on May 15, 2007, issued a decision and entry denying plaintiff's motion to certify a class action. The court held that "whether Searles meets the Civ.R. 23 requirements for class certification, R.C. 1345.09 preempts consideration. * * * R.C. 1345.09 makes it abundantly clear that a party may not maintain simultaneous individual and class actions or seek multiple recoveries on the same action." In her single assignment of error, plaintiff contends that the trial court erred in so holding.

{¶ 7} A "trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus. Nonetheless, "the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Grant v. Becton Dickinson & Co.*, Franklin App. No. 02AP–894, 2003-Ohio-2826, 2003 WL 21267787, at ¶ 17, quoting *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442. Civ.R. 23 has limits to be considered in determining whether to certify a class, so that "even while we agree that the class action suit is a laudable vehicle which may be used to adjudicate many types of claims that would otherwise remain untried, we cannot say that public policy requires us to certify an action that refuses to lend itself to proper judicial determination as a class action. To do so would work an injustice both on the plaintiff and on the defendant." *Gilmore v. Gen. Motors Corp.* (Dec. 19, 1974), Cuyahoga App. No. 32726, 1974 WL 184823.

{¶ 8} While the trial court has discretion to apply the requirements of Civ.R. 23, plaintiff's appeal, in large part, raises issues of law apart from Civ.R. 23, and the standard of review is de novo for issues of law. *Johnson v. Ohio Fair Plan Underwriting Assn.*, Franklin App. No. 07AP–367, 2007-Ohio-6505, 2007 WL 4261629, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 349, 587 N.E.2d 835 (applying de novo review to questions of law).

{¶ 9} In support of her assigned error, plaintiff asserts that the trial court wrongly interpreted R.C. 1345.09 when it denied her motion. While the trial court concluded that under the plain language of R.C. 1345.09, plaintiff could not pursue both an individual action and a class action for the same alleged violation, plaintiff contends that she does not seek to do so. Rather, plaintiff asserts that the single sale of the 2002 Ford Explorer gave rise to multiple violations involving various laws, including the CSPA. From that premise, she argues that she may pursue all but one of the violations as individual claims, reserving the one as a

class action. Defendant responds that even if plaintiff's general premise be true, she nonetheless must elect to pursue either rescission or damages; she may not recover both. Because she has not so elected, defendant contends that the trial court properly could deny the motion to certify a class since rescission obviates the opportunity for a class action.

{¶ 10} R.C. Chapter 1345 sets forth the provisions of Ohio's CSPA. Because plaintiff's brief focuses on R.C. 1345.09(B), we also do so. R.C. 1345.09(B) addresses two different violations. Initially, it speaks to a violation that is "an act or practice declared to be deceptive or unconscionable" by a rule adopted under R.C. 1345.05(B)(2) "before the consumer transaction on which the action is based." Second, it addresses a violation that is an "act or practice determined by a court of this state to violate" R.C. 1345.02 or 1345.03 that was "committed after the decision containing the determination has been available for public inspection" pursuant to R.C. 1345.05(A)(3).

{¶ 11} As remedies, R.C. 1345.09(B) provides that "the consumer may rescind the transaction or recover, *but not in a class action,* three times the amount of his actual damages or $200, whichever is greater, *or* recover damages or other appropriate relief in a class action under Civ.R. 23 as amended." (Emphasis added.) Plaintiff thus had the option under R.C. 1345.09(B) of (a) rescinding the transaction or recovering three times her actual damages or $200, whichever is greater, or (b) recovering damages or other appropriate relief in a class action under Civ.R. 23. She contends that the allegations of her complaint are in accord with R.C. 1345.09(B). See also R.C. 1345.13 (stating that the remedies in R.C. 1345.09 are "in addition to remedies otherwise available for the same conduct under state or local law"); *Mid–Am. Acceptance Co. v. Lightle* (1989), 63 Ohio App.3d 590, 579 N.E.2d 721 (noting that nowhere in the CSPA "is it either expressly stated or implied that the Act is intended to supersede or abrogate any common-law remedies already available to the consumer"); R.C. 1345.06, 1345.07 (noting the cumulative nature of remedies discussed in those sections).

{¶ 12} Specifically, plaintiff concedes that "it is clear from R.C. 1345.09 that a consumer cannot recover for the same violation on an individual and a class basis." She, however, contends that "R.C. 1345.09 does not preclude recovery on an individual and a class basis for separate instances of actionable conduct." Id. She thus asserts that she may prosecute all but one of the violations set forth in her complaint as individual actions, pursuing the remaining one as a class action. In effect, plaintiff would contend that the scenario differs little than if plaintiff had purchased five cars and decided to file individual causes of action related to four of them, while pursuing the fifth as a class action.

{¶ 13} The original allegations of plaintiff's complaint did not comport with her argument. Plaintiff's third cause of action asserted an individual cause of action

against defendant for violations of the CSPA, premised on violation of the Window Sticker Rule. Similarly, her sixth claim, in which she sets forth allegations in support of class certification, contended that defendant violated the CSPA when it violated the Window Sticker Rule. Accordingly, at that time, plaintiff was seeking compensation both in an individual claim and in a class action for defendant's allegedly violating the CSPA by violating the Window Sticker Rule.

{¶ 14} Nonetheless, before filing her motion for class certification, plaintiff withdrew the allegations of the third, and individual, claim that asserted that defendant violated the CSPA by violating the Window Sticker Rule. As a result, she no longer has an individual and class claim premised on the same violation. Because plaintiff's class-action allegations are not premised on the same violation as her individual claims, R.C. 1345.09 does not preclude the class action on the current allegations of the sixth claim of plaintiff's complaint.

{¶ 15} Defendant initially contends that plaintiff cannot "maintain both individual and class claims in the same action." R.C. 1345.09(B), however, does not so state. Instead, it provides that for a given violation, a consumer may not maintain an individual claim and a class claim. Because she withdrew the allegations relating to her individual claim for violation of the CSPA through violation of the Window Sticker Rule, she has only a class action pending for that violation. See Civ.R. 23(C)(4) (stating that "[w]hen appropriate * * * an action may be brought or maintained as a class action with respect to particular issues").

{¶ 16} Defendant further notes that R.C. Chapter 1345 allows plaintiff to either rescind or recover damages. According to defendant, if plaintiff chooses to rescind the vehicle, she may not seek damages, individual or class. *Harrel v. Talley*, Athens App. No. 06CA41, 2007-Ohio-3784, 2007 WL 2137511, at ¶ 24 (concluding that "when the consumer chooses rescission as his or her primary remedy, then the consumer is only entitled to that single recovery even when multiple violations of the CSPA occurred"); *Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128, 131, 574 N.E.2d 579 (stating that "[a]n action in rescission and an action for money damages are mutually exclusive remedies as provided in R.C. 1345.09 and, therefore, are not cumulative cures for the same actionable conduct"). Alternatively, defendant contends that plaintiff cannot meet the requirements of Civ.R. 23 for class certification.

{¶ 17} Defendant's memorandum contra plaintiff's motion to certify a class action did not raise the rescission argument it offers on appeal. Following the trial court's decision and entry denying plaintiff's motion to certify a class, defendant filed a motion seeking to compel plaintiff to elect between the remedy of rescission or damages. The trial court, however, did not rule on the motion, and we will not determine the issue in the first instance, especially in view of the discretion the trial court has to determine the time frame within which to require

plaintiff to elect between rescission and damages. Similarly, because the trial court did not attempt to exercise its discretion to apply Civ.R. 23 to the allegations of plaintiff's complaint, we do not address the rule in the first instance.

{¶ 18} Given, however, the allegations of plaintiff's complaint, the trial court improperly concluded that plaintiff could not seek class certification for defendant's alleged violation of the CSPA through alleged violations of the Window Sticker Rule, as she no longer pursues an individual action premised on the same conduct on which her request for class certification is based.

{¶ 19} Accordingly, we sustain plaintiff's single assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SADLER, P.J., and KLATT, J., concur.