[Cite as *Miller v. Painters Supply & Equip. Co.*, 2011-Ohio-3976.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95614**

---

## MICHAEL MILLER, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## PAINTERS SUPPLY & EQUIPMENT CO.

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-712486

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEYS FOR APPELLANTS**

Joseph R. Compoli
James R. Goodluck
612 East 185th Street
Cleveland, OH 44119

**ATTORNEY FOR APPELLEE**

Forrest A. Norman, III
George H. Carr
Gallagher Sharp
1501 Euclid Avenue
Bulkley Building, 6th Floor
Cleveland, OH   44115

**Amicus Curie**

Mike DeWine
Ohio Attorney General

BY:   Erin B. Leahy
Assistant Attorney General
Consumer Protection Section
30 East Broad Street, 14th Floor
Columbus, OH   43215

BY: Michael R. Sliwinski
Assistant Attorney General
Consumer Protection Section
615 W. Superior Avenue, 11th Floor
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Plaintiffs-appellants Michael Miller and The Box Office (collectively "plaintiffs") appeal the decision of the Cuyahoga County Court of Common Pleas that denied their motion for class certification.[1]  For the reasons stated herein, we affirm the decision of the trial court.

{¶ 2}  In December 2009, plaintiffs filed a class action complaint against defendant-appellee Painters Supply & Equipment Company ("Painters Supply"), raising claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The complaint alleges that in January and February 2008, Painters Supply sent plaintiffs 12 unsolicited advertisements via facsimile machine without obtaining prior express invitation or permission.

{¶ 3}  The trial court issued an order limiting discovery to class certification issues only.  Thereafter, the court denied as premature plaintiffs' motion for summary judgment on Painters Supply's affirmative defense of "prior business relationship."

{¶ 4}  During discovery, the court ordered Painters Supply to produce its list of fax recipients with the fax numbers and names of the fax recipients redacted "to protect defendant's business interests[.]" Plaintiffs filed a "motion to vacate secrecy order" and requested an unredacted copy of the fax list.  The trial court denied the motion as moot

---

[1]  An amicus curie brief was filed by the Ohio Attorney General in support of plaintiffs-appellants.

because no "secrecy order" had been entered by the court. A motion to reconsider and vacate protective order was later filed, with no express ruling made.

{¶ 5} In the meantime, plaintiffs filed a motion for class certification, which was opposed by Painters Supply. The trial court held a hearing on the motion.

{¶ 6} At the hearing, plaintiffs' counsel represented that The Box Office is a small business that sells boxes and packaging materials and is owned by Michael Miller. Plaintiffs allegedly received faxes containing promotional advertising sent from Painters Supply. They asserted their proposed class was premised on the fact that the faxes were sent without an opt-out notice required by the TCPA. As such, they sought to certify a class of everyone to whom Painters Supply sent the fax advertisements in 2008 in which the faxes did not contain an opt-out notice. They asserted the class would have at least 37 members based on the defendant's fax list and the AT&T phone records. They further claimed that all of the prerequisites for class certification were met. However, they did not provide any method for determining on a classwide basis whether the faxes sent to other members of the proposed class were unsolicited.

{¶ 7} Defense counsel argued that plaintiffs did not offer any evidence to show that any other member of the proposed class was sent an unsolicited advertisement. Painters Supply presented evidence reflecting that the fax advertisements were sent to its customers. The faxes sent to plaintiffs were intended for a customer whose number was apparently reassigned to plaintiffs. It was conceded that almost all of the promotional faxes that were sent by Painters Supply were intended for auto body companies. Thus,

the defense argued that there had been no showing that the faxes sent to the purported class were "unsolicited advertisements" governed by the TCPA. As asserted by Painters Supply, plaintiffs had only shown that one person who was not an intended recipient was sent an unsolicited advertisement.

{¶ 8} Following the hearing, the trial court denied the motion for class certification. The court recognized that plaintiffs' proposed definition of the class was premised on the belief that all faxed advertisements contain an opt-out notice; however, the TCPA applies only to unsolicited fax advertisements. Thus, the court modified the class definition to pertain only to unsolicited faxes. More important, the trial court recognized that this case would require a detailed analysis of each proposed class member's conduct to ascertain which members were sent unsolicited fax advertisements from Painters Supply. Because plaintiffs offered no method to differentiate between solicited and unsolicited faxes, the court recognized that the actual number of class members could be as few as one. The court found that the class was not readily identifiable and that the predominance and numerosity requirements had not been satisfied.

{¶ 9} Plaintiffs timely filed this appeal. They raise two assignments of error for our review. Their first assignment of error provides as follows: "The trial court erred in denying plaintiffs-appellants' motion for class certification."

{¶ 10} We emphasize that a trial judge has broad discretion in deciding whether to certify a class action, and that determination will not be disturbed absent an abuse of

discretion. *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 5. Insofar as the trial court's decision involves statutory interpretation, our review of issues of law is de novo. *Searles v. Germain Ford of Columbus, L.L.C.*, 174 Ohio App.3d 555, 2007-Ohio-7140, 883 N.E.2d 480, ¶ 8.

{¶ 11} "[T]he trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 1998-Ohio-365, 694 N.E.2d 442.

{¶ 12} There are seven prerequisites that must be met before a court may certify a case as a class action pursuant to Civ.R. 23, which are as follows: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." (Internal citations omitted.) *Hamilton,* 82 Ohio St.3d at 71. The party seeking class certification has the burden of showing that class certification is appropriate. *State ex rel. Ogan v. Teater* (1978), 54 Ohio St.2d 235, 247, 375 N.E.2d

1233. It must be shown, by a preponderance of the evidence, that all the Rule 23 requirements are met. See *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 94, 521 N.E.2d 1091.

{¶ 13} Civ.R. 23 requires that an identifiable class must exist and the definition of the class must be unambiguous. This requirement "will not be deemed satisfied unless the description of [the class] is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member. Thus, the class definition must be precise enough to permit identification within a reasonable effort." (Internal quotations and citations omitted.) *Hamilton*, 82 Ohio St.3d at 71-72. Where possible, a class should be defined by reference to the defendant's conduct. Id. at 73.

{¶ 14} Plaintiffs sought to certify a class defined as follows: "All persons and entities, within the State of Ohio, to whom a facsimile ('fax') was sent, by or on behalf of the Defendant Painters Supply & Equipment Co., anytime during January and February 2008, which contained an advertisement that did not include a notice informing the recipient of the right to opt out of future fax advertisement." The proposed definition does not distinguish between solicited and unsolicited fax advertisements.

{¶ 15} The trial court found that the class definition proposed by plaintiffs was overbroad because it potentially includes conduct outside the scope of the TCPA, which applies only to "unsolicited advertisements." The court modified the class definition by inserting the word "unsolicited" before facsimile, so as to encompass only those to whom

"unsolicited" fax advertisements were sent. We find no abuse of discretion by the trial court in making this modification.

{¶ 16} The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an *unsolicited* advertisement," unless certain statutory exceptions apply. (Emphasis added.) 47 U.S.C. § 227(b)(1)(C). A recipient of an unsolicited fax advertisement has a private right of action and may recover actual damages or $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

{¶ 17} The term "unsolicited advertisement" is defined as one "which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). The TCPA creates an exception for unsolicited advertisements sent on the basis of an "established business relationship." 47 U.S.C. § 227(b)(1)(C). However, this exception requires that an unsolicited advertisement contain a "clear and conspicuous" notice informing the recipient of the right to opt out of future unsolicited advertisements. 47 U.S.C. § 227(b)(1)(C)(iii) and (b)(2)(D). Further, federal regulations implementing the TCPA contain restrictions on the transmission of unsolicited fax advertisements. One requirement under the provision pertaining to unsolicited fax advertisements is for the inclusion of an opt-out notice, providing as follows: "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice[.]" 47 C.F.R. § 64.1200(a)(3)(iv).

**{¶ 18}** Plaintiffs argue that the TCPA prohibits the transmission of any fax advertisement that fails to include the "opt out" notice required by the TCPA and federal regulation. See 47 U.S.C. § 227(b)(1)(C) and (b)(2)(D); 47 C.F.R. § 64.1200(a)(3). As such, plaintiffs claim they proposed a viable class based on Painters Supply's alleged violation of the TCPA by the transmission of fax advertisements that failed to contain an "opt out" notice. We are not persuaded by this argument.

**{¶ 19}** "The TCPA prohibits only 'unsolicited' advertisements." *Cicero v. U.S. Four, Inc.*, Franklin App. No. 07AP-310, 2007-Ohio-6600, ¶ 42. Likewise, "the [federal regulation] in question, 47 C.F.R. § 64.1200(a)(3)(iv), purports, on its face, to apply only to unsolicited faxes." *Nack v. Walburg* (Jan. 28, 2011), E.D.Mo. No. 4:10CV00478 AGF (rejecting assertion that all faxes, whether solicited or unsolicited, must contain opt-out language). Simply put, the above provisions, and the opt-out notice requirements thereunder, do not apply to fax transmissions unless they constitute unsolicited advertisements.

**{¶ 20}** In *Nack*, the court recognized that the TCPA and the federal regulation only apply to fax communications that constitute unsolicited advertisements. Id. Thus, the court found where the recipient gave permission to send the fax that gives rise to the claimed violation, the fax is not unsolicited and an opt-out notice is not required. Id. As in *Nack*, our concern is with the unsolicited nature of the fax that is required to invoke the TCPA.

{¶ 21} In this case, plaintiffs seek to put the proverbial cart before the horse. They seek to certify a class on the basis of the failure of the fax advertisements to contain an opt-out notice. However, the opt-out notice requirements do not come into play unless it is first shown that unsolicited fax advertisements were sent. As the trial court recognized, deciding whether "unsolicited" advertisements were sent would require individual, fact intensive inquiries that would make class certification impractical.

{¶ 22} We recognize the Ohio Attorney General's concern for a uniform construction of the TCPA and the interest in allowing parties to pursue a TCPA lawsuit as a class action. However, we cannot say that every TCPA claim is necessarily suitable for class certification. Even the Attorney General acknowledges that the TCPA "prohibits the transmission of any 'unsolicited advertisement.'" While in some cases the unsolicited nature of the fax advertisement may not be in dispute or may be shown by generalized proof, in others, the determination may require individualized inquiry. The concern is with whether the requirements for class certification have been met.

{¶ 23} Under the circumstances of this case, which involved sending fax advertisements to numbers in an existing customer base, the trial court found it would be required to review the conduct of each prospective class member to identify those with cognizable claims. The trial court did not disregard the opt-out notice requirement, but rather, recognized a threshold condition for plaintiffs' TCPA claim, i.e., an unsolicited advertisement. As the trial court found, "the proposed class definition is overly broad because it potentially includes conduct outside the scope of the TCPA."

{¶ 24} "Where a class is overbroad and could include a substantial number of people who have no claim under the theory advanced by the named plaintiff, the class is not sufficiently definite." *Vigus v. S. Illinois Riverboat/Casino Cruises, Inc.* (Mar. 11, 2011), S.D.Ill. No. 08-cv-786-JPG. Likewise, a class may be overbroad when the proposed class extends beyond the scope of the statute upon which the claims are based. Cf. *Gottlieb v. S. Euclid*, 157 Ohio App.3d 250, 2004-Ohio-2705, 810 N.E.2d 970. In this case, the proposed class extended beyond a cognizable class of individuals under the TCPA. Plaintiffs' alternative class definition suffered from the same flaw. Under the circumstances herein, we find that it was within the trial court's discretion to modify the class definition to comport with the scope of the TCPA.

{¶ 25} We recognize that the term "unsolicited" is not necessarily required in defining a class in all TCPA cases. Rather, when the unsolicited nature of the fax cannot be shown by generalized proof, we can find no abuse of discretion by the trial court in limiting the class to those with a cognizable or "identifiable" claim.

{¶ 26} We further find no merit to plaintiffs' contention that the revised definition was improper because it effectively required the trial court to consider the merits of the claim at the class certification stage. The trial court recognized that only unsolicited fax advertisements are actionable under the TCPA and appropriately considered whether the requirements for class certification were met within the proper framework of the TCPA. Defining the class in this way does not require a determination on the merits of the underlying claim.

{¶ 27} The trial court determined that in order to ascertain members of the class, the court would be required to review the conduct of each plaintiff prior to receipt of the fax. The court recognized that this is not a case where mass faxes were transmitted to numbers gleaned from directories. Rather, the evidence presented at the hearing reflected that the fax recipients were either "1) existing customers of [Painters Supply] who expressly solicited announcements of sales and special offers; or 2) existing customers who expressly consented to receiving advertisements." Since individualized determinations would be required to identify those who were sent an unsolicited fax, the court found the class, even as amended by the court, was not readily identifiable.

{¶ 28} Indeed, this is not a case where mass faxes were sent to numbers from a directory, where it may be possible to establish the unsolicited nature of the advertisements with generalized proof focused on the defendant's conduct. Instead, this is a case where faxes were sent to an existing customer base and requires a review of each individual class member's conduct. Plaintiffs offered no administratively feasible method of determining a cognizable class. Thus, the class definition, even as amended to comport with the TCPA, was not precise enough to permit identification within a reasonable effort. We find no abuse of discretion with the trial court's determination. See *Vigus*, supra; *Boehm, Kurtz & Lowry v. Interstate Ins. Servs. Agency, Inc.*, Hamilton App. No. C-100033, 2010-Ohio-5432; *Cicero*, 2007-Ohio-6600.

{¶ 29} The trial court also found the predominance and numerosity requirements were not met. With regard to predominance, Civ.R. 23(B)(3) is satisfied if "the court

finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." "'[A] claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position.'" *Cope v. Metro. Life Ins. Co.* (1998), 82 Ohio St.3d 426, 429-430, 696 N.E.2d 1001, quoting *Lockwood Motors, Inc. v. Gen. Motors Corp.* (D.Minn.1995), 162 F.R.D. 569, 580.

{¶ 30} The trial court concluded that "this action requires a detailed examination of each plaintiff's conduct, both as to claims and defenses raised by the parties. As discussed previously, the TCPA applies only to unsolicited faxes * * *. Class certification, therefore, would require substantial discovery and proceedings for each class member to determine if the class member has a cognizable claim."

{¶ 31} Plaintiffs failed to offer any evidence that would establish on a classwide basis that Painters Supply's customers were sent unsolicited fax advertisements. Even if we were to accept the class as broadly defined, there is no generalized evidence to establish the purported class members have cognizable claims under the TCPA. The central issue in this case is one of individual consent, and the trial court would be required to examine each class member's conduct to determine whether each fax transmission was unsolicited and resulted in a violation of the TCPA. It is apparent that individual issues would predominate the case and that class certification is not the superior method to fairly

and efficiently adjudicate the controversy. Other courts have found predominance lacking where such detailed, individual-specific determinations are required to determine whether a defendant violated the TCPA. See, e.g., *Vigus*, supra at *7-8; *G.M. Sign, Inc. v. Brinks Mfg. Co.* (Jan. 25, 2011), N.D. Ill. No. 09 C 5528, *7; *Boehm, Kurtz & Lowry*, 2010-Ohio-5432, at ¶ 21-22; *Cicero*, 2007-Ohio-6600, at ¶ 42-44. Upon our review, we find no abuse of discretion by the trial court.

{¶ 32} For the numerosity requirement to be met, the class must be so numerous that joinder of all members is impracticable. Civ.R. 23; *Warner,* 36 Ohio St.3d at 97. The numerosity requirement must be determined on a case-by-case basis. *Warner*, 36 Ohio St.3d at 97. Where a proposed class has between 25 and 40 people in it, there is no automatic rule to establish numerosity. Id.

{¶ 33} The trial court recognized plaintiffs' contention "that the proposed class includes at least 37 persons and/or entities." However, the court found the actual number could be less because the TCPA only applies to unsolicited fax advertisements. In moving for class certification, plaintiffs presented no evidence that "unsolicited" faxes were sent to any other members of the proposed class. While 37 persons may be a sufficient number to establish a class, in this case, the trial court appropriately recognized that upon individual examination of the facts unique to each plaintiff, the actual number of class members could be as few as one.

{¶ 34} From the record before us, it is apparent that plaintiffs failed to demonstrate that the proposed class was so numerous as to make joinder impracticable, and we find no abuse of discretion in the trial court's determination.

{¶ 35} The trial court did find that the commonality, typicality, and adequacy requirements were met. These findings have not been challenged on appeal, and we need not address them herein.

{¶ 36} Plaintiffs also contend that the trial court failed to "assume the truth of the allegations in the complaint" in considering class certification. It is true that "[w]hen a trial court considers a motion to certify a class, it must assume the truth of the allegations in the complaint, without considering the merits of those allegations and claims." *Nagel v. Huntington Natl. Bank*, 179 Ohio App.3d 126, 2008-Ohio-5741, 900 N.E.2d 1060, ¶ 10. However, a court need not accept as true unsupported legal conclusions in the complaint. *Pearson v. Warrensville Hts. City Schools*, Cuyahoga App. No. 88527, 2008-Ohio-1102, ¶ 35; see, also, *Spriggs v. Cleveland* (June 6, 1985), Cuyahoga App. No. 49163. It remained plaintiffs' burden to demonstrate that all factual and legal prerequisites to class certification had been met. *Gannon v. Cleveland* (1984), 13 Ohio App.3d 334, 335, 469 N.E.2d 1045. From the record before us, we find the trial court could readily find that the prerequisites of an identifiable class, predominance, and numerosity had not been met.

{¶ 37} We conclude that the trial court did not abuse its discretion in denying plaintiffs' motion for class certification. We reiterate the policy behind a class action

lawsuit is "to simplify the resolution of complex litigation, not complicate it." *Warner*, 36 Ohio St.3d at 97. Plaintiffs' first assignment of error is overruled.

{¶ 38} Plaintiffs' second assignment of error provides as follows: "The trial court erred in denying [plaintiffs'] motions to vacate discovery orders."

{¶ 39} A trial court has broad discretion in the regulation of discovery. *Whitt v. ERB Lumber*, 156 Ohio App.3d 518, 2004-Ohio-1302, 806 N.E.2d 1034, ¶ 28. Absent an abuse of discretion, a reviewing court must affirm a trial court's disposition of discovery issues. *State ex rel. The V. Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 1998-Ohio-329, 692 N.E.2d 198. Further, "[a] decision which, in effect, bars the requesting party from pursuing discovery cannot be reversed by an appellate court absent a showing of substantial prejudice to that party." *Shaver v. Standard Oil Co.* (1990), 68 Ohio App.3d 783, 800, 589 N.E.2d 1348; see, also, Civ.R. 61.

{¶ 40} In this case, the trial court limited initial discovery to class certification issues. Following an in camera inspection, the trial court ordered Painters Supply to produce its list of fax recipients with the fax numbers and names of the fax recipients redacted "to protect defendant's business interests[.]" Plaintiffs argue that the trial court erred by denying plaintiffs' requests to obtain an unredacted fax transmission list. Insofar as plaintiffs assert the requested discovery was necessary to its class certification claim, we shall address this issue. See *State ex rel. Shelton v. Firemen & Policemen's Death Benefit Fund* (1997), 125 Ohio App.3d 559, 566, 709 N.E.2d 182, fn.1

(recognizing discovery orders that are an adjunct to the denial of class certification are reviewed as a final appealable order).

{¶ 41} We recognize that it is not unusual for a trial court to limit discovery with respect to class certification issues. Plaintiffs were provided with the fax list, which disclosed the fax transmissions sent by Painters Supply during 2008 and included the putative class period. Even if we were to find that the disclosure of the identities of potential class members was warranted at the pre-certification stage, plaintiffs fail to show how this information was pertinent to establishing the class certification requirements. Further, it is evident from plaintiffs' motion to vacate the secrecy order that plaintiffs subpoenaed telephone company records showing the calls made by Painters Supply during the period the faxes were sent. Plaintiffs were able to identify the names associated with these numbers through an Internet search. In the end, the trial court determined this action was not suitable for class certification because each individual class member's conduct would have to be examined to determine whether each was the recipient of an unsolicited fax advertisement with a cognizable claim under the TCPA. Accordingly, we find the trial court acted within its discretion and no prejudice has been shown. We overrule plaintiffs' second assignment of error.

Judgment affirmed; case remanded.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, J., CONCURS;
MARY EILEEN KILBANE, A.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION


MARY EILEEN KILBANE, A.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 42} I concur with the majority's conclusion overruling the second assignment of error. However, I respectfully dissent from the majority opinion on the first assignment of error. I would reverse the trial court's judgment denying plaintiffs' motion for class certification.

{¶ 43} In the instant case, it is undisputed that Painters Supply's faxed advertisements did not include an opt-out notice. The trial court ignored the fact that the omission of the opt-out provision precluded Painters Supply from asserting any defense based upon "established business relationships" or "prior express invitation or permission." Instead, the court revised the original class definition proposed by plaintiffs to include the term "unsolicited." This required the court to then consider the

issue of "established business relationships" or "prior express invitation or permission" with respect to each individual class member.

{¶ 44} While a fax must be "unsolicited" in order to recover under the TCPA, Civ.R. 23 does not require that a plaintiff's class must be defined in terms of the statute allegedly violated. "To the contrary * * * defining a class in terms of the elements of a statute would be the 'equivalent to deciding the merits of class members' claims,' and thus impermissible." *Sadowski v. Med1 Online, LLC* (N.D.Ill. 2008), No. 07 C 2973, quoting, *Foreman v. PRA III, LLC* (N.D.Ill. 2007), No. 05 C 3372. During the class certification stage, the trial court must determine the propriety of the class certification, not the merits of the claim. *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d 230, 233, 466 N.E.2d 875. Indeed, a "[c]lass action certification does not go to the merits of the action." Id.

{¶ 45} By amending the original proposed definition, the trial court erroneously determined the merits of the issue of whether Painters Supply's faxed advertisements were unsolicited. As the Ohio Attorney General stated in its amicus curiae appellate brief, the trial court's ruling disregards "the explicit requirement of the TCPA that all faxed advertisements must include a clear and conspicuous notice informing the recipient of the right to opt out of future faxed advertisements. 47 U.S.C. § 227(b)(1)(C)(ii) and 2(D). By failing to follow this specific requirement of the statute, the trial court effectively prevented the plaintiff, a small business owner, from successfully pursuing his TCPA lawsuit as a class action."

{¶ 46} Therefore, I would find that the trial court abused its discretion, and I would reverse the trial court's judgment denying plaintiffs' motion for class certification.